UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Peter F. Barry, on behalf of himself and all others similarly situated,

Civil File No. 00-939 MJD/JGL

Plaintiffs,

v.

**ORDER**

Dell Computer Corporation,

Defendant.

---

Thomas J. Lyons, Jr., Consumer Justice Center, P.A., on behalf of Plaintiff.

Brian B. O'Neill, William L. Underwood, Faegre & Benson, L.L.P., on behalf of Defendant.

---

This matter is before the Court on Plaintiff's motion to remand this action to state court. In the underlying claim, Plaintiff alleges that Defendant violated certain provisions of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227. Plaintiff filed the original Class Action Complaint in the 2d Judicial Circuit, Ramsey County, Minnesota. Defendant removed the action to federal court pursuant to 28 U.S.C. §1441, claiming that the jurisdictional requirements are met because the TCPA grants concurrent federal and state jurisdiction, and the complaint presents a federal question, pursuant to 28 U.S.C. §1331. Plaintiff now moves to remand. For the reasons stated below, the Court grants Plaintiff's motion.



FILED OCT 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Background

28 U.S.C. § 1441 allows a defendant to remove a civil action brought in state court to federal court if the action is one over which the federal district court has original jurisdiction. The party invoking the removal statute bears the burden of establishing federal jurisdiction. Hunter v. United Van Lines, 746 F.2d 635, 639 (9th Cir. 1984), cert. den., 474 U.S. 863 (1985). Courts must strictly construe the removal statute against the party seeking removal. Id.

The unusual question presented is whether a federal statute, the Telephone Consumer Protection Act, (TCPA) creates jurisdiction for private actions exclusively in state courts. The TCPA, created in 1991, prohibits the use of certain telecommunications technology to forward unsolicited advertisements to consumers. Among other things, the act makes it unlawful for any party to send unsolicited facsimile advertisements to potential customers, and creates a private cause of action for victims of the practice. The TCPA also provides treble damages for willing or knowing violations of the act. 47 U.S.C. §227 (b)(3).

Plaintiff argues that the express language of the act grants exclusive jurisdiction to state courts to hear private actions under the TCPA, and by omitting any mention of federal courts, precludes federal jurisdiction. Defendant argues that federal jurisdiction is presumed when a federal statute creates a private cause of action unless the statute expressly grants jurisdiction solely to state courts.

This is a matter of first impression in this circuit. The first court to consider this question, the district court for the Southern District of Indiana, held that the TCPA

conferred concurrent jurisdiction upon both state and federal courts. Kenro, Inc. v. Fax Daily, Inc., 904 F.Supp. 912 (S.D.Ind. 1995). Since that decision, every federal court of appeals faced with this question has found that the TCPA creates exclusive jurisdiction in state courts. Murphy v. Lanier, 204 F.3d 911 (9th Cir. 2000); Erienet, Inc. v. Velocity Net, Inc., 156 F.3d 513 (3d Cir. 1998); Foxhall Realty Law Offices v. Telecommunications Premium Services, Ltd., 156 F.3d 432 (2d Cir. 1998); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287 (11th Cir. 1998); Int'l Science & Tech. Inst., Inc., v. Inacom Communications Inc., 106 F.3d 1146 (4th Cir. 1997); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507 (5th Cir. 1997). For the following reasons, this Court agrees with the Circuit decisions.

## Discussion

Only the United States Supreme Court derives federal judicial power from the Constitution; all inferior courts must be established by Congress. U.S. Const. art. III. In creating a new cause of action, Congress has the authority to limit the jurisdiction of those inferior courts. See Sheldon v. Sill, 49 U.S. (8 How.) 441 (1850)(requiring specific grant of jurisdiction to federal courts); Kline v. Burke Construction Co., 260 U.S. 226 (1922); Int'l Science, 106 F.3d at 1154 (gathering statutes).

In the absence of language explicitly limiting jurisdiction, the Court must rely on Congressional intent to determine if the statute grants federal jurisdiction over a private cause of action. The text of the statute provides the basis for divining Congressional intent. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138 (1990). The pertinent part of the TCPA provides:

3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
C) both such actions.

The text makes no mention of federal jurisdiction. Defendant argues that explicit reference to federal jurisdiction is not necessary, because merely by creating *a* cause of action, the statute creates a *federal* cause of action. However, federal courts are only competent to hear those cases specifically authorized; silence will not provide the jurisdiction. See Sheldon, 49 U.S. at 449; Int'l Science, 106 F.3d at 1152. In combination with the general presumption against federal jurisdiction, the silence in this case dictates a finding of exclusive state jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

When the provision is read in conjunction with other portions of the statute, Congressional intent becomes even clearer. Commonly accepted canons of statutory interpretation dictate that statutory provisions should be read in reference to the whole act. See Smith v. U.S., 508 U.S. 223, 235 (1993). Subsequent provisions of the TCPA grant exclusive federal jurisdiction to states bringing civil actions for remedies of the Act. 47 U.S.C. §227 (f)(2); see Int'l Science, 106 F.3d at 1152. Equally significant is the fact that the Communications Act, which the TCPA amends, provides explicitly for concurrent or exclusive federal jurisdiction in six different sections of the statute. See 47 U.S.C. §§214(c),

407, 415(f), 553(c)(1), 555(a) and 605(e)(3)(A). This explicit grant of jurisdiction in the same statute indicates an awareness on Congress' part of the jurisdictional possibilities, and a decision not to grant federal jurisdiction over private actions. See Chair King, 131 F.3d at 512; Foxhall Realty, 156 F.3d at 436. When Congress intended to authorize federal jurisdiction, it did so.

The legislative history of this provision supports the inference that Congress wanted to provide a readily accessible forum for victims in state courts. Senator Hollings described the purpose of §227(3):

> "The ....private right-of-action provision....will make it easier for consumers to recover damages from receiving these computerized calls. The provision would allow consumers to bring an action in State court against any entity that violates the bill. The bill does not, because of constitutional constrains, dictate to the States which court in each State shall be the proper venue for such an action, as this is a matter for State legislators to determine. Nevertheless, it is my hope that States will make it as easy as possible for consumers to bring such actions, preferably in small claims court. 137 Cong. Rec. S16205-06 (Nov. 7, 1991)(statement of Sen. Hollings).

This Court agrees with the reasoning of the Fourth Circuit that the "clear thrust of his statement was consistent with the bill's text that state courts were the intended fora for private TCPA actions." Int'l Science, 106 F.3d at 1153. Congressional findings indicate a recognition that state regulation of telemarketing activity was ineffective because it could be avoided by interstate operations, and therefore federal legislation was necessary. See Pub. L. 102-243 (7), §2; Erienet, 156 F.3d at 518.

Defendant argues that because the express language of the text does not clearly divest the federal courts of jurisdiction, it therefore merely creates concurrent state

jurisdiction. This would be unnecessary and redundant, however, because concurrent jurisdiction of state courts is presumed. See Tafflin v. Levitt, 493 U.S. 455, 459 (1990); Erienet, 156 F.3d at 517.

Defendant further argues that, notwithstanding the lack of any explicit reference to federal jurisdiction in the provision, jurisdiction is nonetheless present pursuant to the "federal question" statute, 28 U.S.C. §1331 (providing federal subject matter jurisdiction for cases "arising under the Constitution, laws or treaties of the United States"). The scope of jurisdiction granted under §1331, however, is narrower than the constitutional grant of jurisdiction. See Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 495 (1983). In addition to demonstrating that the action "arises under" federal law, the moving party must show that §1331 jurisdiction is not precluded by a statute vesting jurisdiction elsewhere. See Erienet, 156 F.3d at 518 (citing Connors v. Amax Coal Co., Inc., 858 F.2d 1226, 1229-30 (7th Cir. 1988)). Congress has the power to assign jurisdiction to courts other than the inferior federal courts. See Lockerty v. Phillips, 319 U.S. 182 (1943)( The Congressional power to ordain and establish inferior federal courts includes the power of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good.") Id. at 187.

Usually, a federal question exists if federal law creates the cause of action. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). In certain circumstances, however, the Supreme Court has found that even statutes which create a cause of action do not create a *federal* cause of action. See Shoshone Mining Co.

v. Rutter, 177 U.S. 505, 513 (1900); Merrell Dow Pharmaceuticals Inc., v. Thompson, 478 U.S. 804, 814 n.12 (1986); Int'l Science, 106 F.3d at 1154. In Shoshone, the Court based its decision on its finding of Congressional intent that adverse mining claims filed pursuant to a federal statute be litigated in state courts. Shoshone, 177 U.S. at 511. Similarly, as demonstrated above, Congress intended the TCPA to create a cause of action for litigation at the state level. The "federal question" statute therefore does not provide federal jurisdiction for private causes of action under the TCPA.

Defendant argues that repeal of jurisdictional provisions by implication is disfavored; and therefore the Court should not interpret the TCPA to repeal the "federal question" statute. See Felker v. Turpin, 518 U.S. 651, 659-63 (1996). In this case, however, federal jurisdiction is not present to begin with under the "federal question" statute, and therefore the TCPA is not repealing any previous grant of jurisdiction. 28 U.S.C. §1331.

Finally, Defendant argues that finding exclusive state court jurisdiction will create constitutional concerns, citing the basic tenet that interpretations that would render a statute unconstitutional are to be avoided. Public Citizen v. U.S. Dep't of Justice, 491 U.S. 440, 465-66 (1989). However, granting jurisdiction solely to the states does not render this act unconstitutional. Exclusive state jurisdiction violates neither the 10th nor the 5th Amendments.

The 10th Amendment prohibits Congress from "commandeering" state resources, U.S. Const., amend. X; New York v. United States, 505 U.S. 144 (1992). By creating a federal right and requiring the states to enforce the federal law, the TCPA does not commandeer the states' resources but rather provides a mechanism by which private

causes of action may be brought in state courts. See Int'l Science, 106 F.3d at 1157. State courts are already bound to enforce federal claims when a cause of action exists. U.S. Const., art. VI; Testa v. Katt, 330 U.S. 386 (1947).

In this case, the TCPA does not require the states to hear the private causes of action unless it is "permitted by the laws or rules of court of a State." 47 U.S.C. §227(b)(3). The states therefore retain the ultimate decision whether or not to permit the suits to be brought in state court. Rather than commandeering state resources, this arrangement respects the states' sovereignty: "Congress enacted the TCPA to assist states where they lacked jurisdiction; it empowered states themselves to enforce the TCPA in federal court; it authorized private enforcement exclusively in state courts; and it recognized state power to reject Congress' authorization." Int'l Science, 106 F.3d at 1158.

Nor does exclusive state jurisdiction violate the 5th Amendment equal protection guarantee. U.S. Const. amend. V. While certain states may opt not to adopt state laws permitting these private actions, the substantive right to be free from unsolicited faxes remains enforceable by state attorneys general or the FCC regardless of the availability of a private cause of action. See Int'l Science, 106 F.3d at 1156. Furthermore, as the Fourth Circuit pointed out, the classification is not based on a fundamental right or impermissible characteristic, and thus is subject only to rational basis review. Under this standard, the legislative classification is presumed valid if it is rationally related to a legitimate governmental interest. U.S. v. Smith, 171 F.3d 617, 624 (8th Cir. 1999). Permitting states to decide whether or not to enact enabling legislation is rationally related to Congress' legitimate interest in not overburdening federal and state courts with millions

of potential claims, and thus the equal protection guarantee is not violated. See Pub. L. No. 102-243, §2(3), 105 Stat. 2394 (1991). The fact that this may leave some victims of the practice without a private cause of action does not change the analysis.

The Telephone Consumer Protection Act grants exclusive jurisdiction for private rights of action to state courts, and therefore this Court does not have subject matter jurisdiction over the instant claim.

ORDER

Accordingly, based on the foregoing and all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT

Plaintiff's motion to remand this action to state court is GRANTED.

Dated: 10-18-00

Michael J. Davis
United States District Court Judge

Peter F. Barry, et al v. Dell Computer Corp.
Civ. File No. 00-939